■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the County of Sullivan for the Purpose of Providing Additional Water for the City of New York. OLGA PAYUK, as Executrix of NIKOLAY SHIDLOVSKY, Deceased, Respondent.— Appeal from an order of the Supreme Court, Sullivan County, appointing successor Commissioners of Appraisal and denying certain cross motions made by the appellants. On December 6, 1966 the respondent's claim, which was originally held to have been untimely, was ordered, as stipulated by the parties, to be referred to Commissioners of Appraisal for a hearing and determination following the United States Supreme Court decision in *Schroeder* v. *City of New York* (371 U. S. 208). On January 6, 1969 the appellants advised the attorney for the respondent that a subsequent investigation had revealed that there was a question as to respondent's title to the interest taken and suggesting that this issue could not be determined by Commissioners of Appraisal but only in an appropriate forum having jurisdiction to render a binding decision. Respondent then made the instant motion for an order appointing the Commissioners of Appraisal to hear and determine the claim pursuant to title K 51 of the Administrative Code of the City of New York. The appellants thereupon cross-moved to set aside the stipulation and order of December, 1966 and to reinstate the prior order dismissing the claim. As an alternative, the appellants asked that the court hold that a question of title exists which ought to be determined otherwise than before a commission because the stipulation was made "pursuant to a mistake". Special Term granted respondent's motion and denied appellants' cross motion, and the instant appeal ensued. In our opinion the appointment of Commissioners of Appraisal by Special Term was fatally defective. The Administrative Code of the City of New York allows only the corporation counsel to make application for appointment of a commission (Administrative Code, § K51-7.0) and such is not the case here. Furthermore, the statutory notice requirements were not fulfilled (Administrative Code, § K51-8.0). In addition the appellants were correct that the question of respondent's title cannot properly be determined by Commissioners of Appraisal. Commissioners of Appraisal do not have jurisdiction to resolve questions of title and orderly procedure requires that the question of title should first be determined in an appropriate forum having jurisdiction to render a binding determination (*Matter of Water Right & Elec. Co.* v. *Kaercher*, 200 Misc. 1107). Nor do we feel that the respondent should be precluded from raising this issue because

of the prior stipulation. It is well established that a court has the power to relieve a party from the terms of a stipulation where the parties can be placed in *status quo* and where there is a showing of good cause, such as here, mistake (*Matter of Frutiger*, 29 N Y 2d 143, 150). Since the parties are in the same position as when the stipulation and order were signed, any delay on the appellants' part should not preclude the granting of the relief requested on the cross motion. Order modified, on the law and the facts, by denying the motion for the appointment of Commissioners of Appraisal and granting the cross motion insofar as it seeks to have the question of title resolved in an appropriate forum, having jurisdiction to render a binding determination, before Commissioners of Appraisal hear and determine the claim and, as so modified, affirmed, without costs. Staley, Jr., J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.