In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellant, Relative to Acquiring Title to Real Property in the County of Delaware. HERBERT B. RAY et al., Respondents.

Third Department, January 21, 1982

#### APPEARANCES OF COUNSEL

*Allen G. Schwartz*, Corporation Counsel (*Jonah Triebwasser, Leonard Olarsch, Gary Schuller* and *Antonin Tutter* of counsel), for appellant.

*Herbert B. Ray,* respondent *pro se.*

*Jan L. Spry,* respondent *pro se.*

*Norman George,* respondent *pro se.*

#### OPINION OF THE COURT

SWEENEY, J.

It appears from the record that respondents were appointed successor commissioners of appraisal pursuant to section K51-8.0 of the Administrative Code of the City of New York. Their term of office was for one year, expiring on July 14, 1981. They had disposed of many claims during

their term of office but near the end of their term they still had several matters pending. In May, 1981, respondents applied to the Supreme Court for an eight-month extension of their terms of office. In June, 1981, the City of New York applied to the same court for an appointment of new successor commissioners in order to continue the hearing of damage claims after expiration of the one-year term of respondents. The city also served a cross application seeking to limit respondents' extension to three months for the limited purpose of taking testimony on claims where hearings had been begun but not completed prior to July 14, 1981 and the filing of a final report. Special Term granted respondents' application extending their terms for eight months. This appeal by the city ensued.

The city raises two issues on this appeal. It contends that respondents do not have standing and that the court improvidently exercised its discretion.

As to standing, the pertinent portion of the Administrative Code reads as follows: "the supreme court upon application and good reasons shown therefor may extend the time for the taking of testimony or for the preparation and filing of such report, or both, beyond one year for a period not exceeding eight months" (Administrative Code of City of New York, § K51-14.0). It is significant that this section is silent as to who may make application for extension of the commissioners' terms. It has been determined, however, that the Corporation Counsel has the exclusive right to petition for the original appointment of a commission (*Matter of Huie* [*Payuk*], 39 AD2d 982). Section K51-8.0 of the Administrative Code of the City of New York also gives the Corporation Counsel the right to apply for successor commissioners of appraisal. It is logical and reasonable to conclude that the Corporation Counsel may apply for an extension pursuant to section K51-14.0 of the Administrative Code of the City of New York. We are also of the view that a party whose claim is pending before the commissioners may apply for such an extension so that a report on the claim may be filed before the commissioners' terms expire. We do not believe, however, that a serving commissioner has such an interest in pending proceedings so as to authorize an application for an extension of his own term.

Accordingly, we conclude that respondents do not have standing to apply for an extension pursuant to section K51-14.0 of the Administrative Code of the City of New York.

Since there are matters which have been heard by respondents, but not decided because of delay in receiving the transcripts of the hearings, the cross application by a member of the Corporation Counsel's office should be granted extending respondents' terms for three months for the limited purpose of taking testimony on claims where hearings had begun but were not completed prior to July 14, 1981 and for the preparation and filing of a final report.

The order should be reversed, on the law, without costs, and respondents' application denied; cross application by City of New York granted, and commissioners' terms of office extended for three months from the date of service of the order hereon with notice of entry for the limited purposes of taking additional testimony on claims where hearings had begun but were not completed prior to July 14, 1981 and for the preparation and filing of a final report.

MAHONEY, P.J., MAIN, CASEY and MIKOLL, JJ., concur.

Order reversed, on the law, without costs, and respondents' application denied; cross application by City of New York granted, and commissioners' terms of office extended for three months from the date of service of the order hereon with notice of entry for the limited purposes of taking additional testimony on claims where hearings had begun but were not completed prior to July 14, 1981, and for the preparation and filing of a final report.